UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Akira Mosley, ) | |
| ) | |
| Plaintiff, ) | Case: 3:23-cv-00167 |
| ) | |
| v. ) | |
| ) | |
| AK Enterprise Solutions, LLC d/b/a Jet's ) | |
| Pizza, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Akira Mosley ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against AK Enterprise Solutions, LLC d/b/a Jet's Pizza ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex based discrimination, sexual harassment, and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.  Venue of this action properly lies in the Southern District of Illinois, East St. Louis

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Akira Mosley resides in St. Clair County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, AK Enterprise Solutions, LLC d/b/a Jet's Pizza, doing business in and for St. Clair County, whose address is 5200 North Illinois Street, Suite 103, Fairview Heights, IL 62208.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. The Plaintiff, Akira Mosley (female), was hired at AK Enterprise Solutions, LLC d/b/a Jet's Pizza located at 5200 North Illinois Street, Suite 103, Fairview Heights, IL 62208, as a team member, in or around December 2021, until she was constructively discharged on the basis of her sex and sexual harassment.

12. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

13. The Plaintiff was subjected to discrimination and sexual harassment on the basis of her sex.

14. The discrimination was severe and pervasive and occurred on a daily basis. The Plaintiff had to endure humiliating and degrading comments that made the work environment hostile and unbearable due to the sexual harassment on the basis her gender.

15. The sexual harassment endured by the Plaintiff was a material change in the terms and conditions of employment, namely being harassed and humiliated.

16. The pervasive discrimination resulted in adverse employment actions such as demotions, reduction in hours of employment, being sent home early, and ultimately constructive termination.

17. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

18. For the duration of the Plaintiff's employment and on a daily basis, the Plaintiff was consistently discriminated against on the basis of her sex.

19. On or around January 5, 2022, the Plaintiff's male co-worker named Kyle began making sexual comments to her such as "I want to eat you out."

20. The Plaintiff was immediately humiliated, embarrassed and repelled by his sexually charged and offensive comments and rejected his advances.

21. Kyle was then promoted to a managerial position resulting in the Plaintiff having to report to him.

22. On January 10, 2022, Kyle told the Plaintiff "If you have sex with me, I will give you more hours and increase your pay."

23. Again, the Plaintiff was humiliated and embarrassed by the severe and pervasive sexual advances.

24. The Plaintiff feared that because of his position her livelihood was at stake.

25. Regardless of the Plaintiff's fears, she rejected his sexual advances and his quid pro quo proposal.

26. As a result, the Plaintiff's shifts were reduced from full time to only two shifts per week.

27. To make matters worse, Manager Kyle exclusively scheduled the Plaintiff's shifts to only work with him.

28. The Plaintiff reported her serious safety concerns to her male Senior Manager, Ameel Kahn.

29. The Plaintiff's complaints of sexual harassment and sexual advances were ignored.

30. On February 5, 2022, Kyle told the Plaintiff "if you give me head you will wake up with more hours."

31. Again, the Plaintiff rejected the quid pro quo proposal.

32. The employer's acquiescence to the above-described events are so severe and unreasonable that no reasonable person in the Plaintiff's position would remain in employment.

33. Therefore, the Plaintiff's involuntary resignation was compelled by the employer's severe and pervasive conduct.

34. Therefore, the Plaintiff's constructive discharge was a direct result of the hostile workplace environment that was based on sexual harassment and sex discrimination.

35. The Plaintiff has been subjected to sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Sex-Based Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex/gender, in violation of Title VII.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

39. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

40. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

41. Plaintiff demands that this count be tried by a jury.

## COUNT II
### Sexual Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

42. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII.

44. Defendant knew or should have known of the sexual harassment.

45. The sexual harassment was severe or pervasive.

46. The sexual harassment was offensive subjectively and objectively.

47. Plaintiff is a member of a protected class under Title VII, due to Plaintiff being female.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

49. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

50. Plaintiff is a member of a protected class under Title VII.

51. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment and sex-based discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII.

52. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under Title VII.

53. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment and sex discrimination.

54. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, by leaving Plaintiff with no other choice but to be constructively discharged due to the intolerable conditions, thereby violating Title VII .

56. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

57. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Liquidated damages;

    h. Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of January, 2023.

                                        */s/ Nathan C. Volheim, Esq.*
                                        **Nathan C. Volheim, Esq.**
                                        **Franklin Jara, Esq.**
                                        SULAIMAN LAW GROUP LTD.
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Phone (630) 568-3056
                                        Fax (630) 575 - 8188
                                        nvolheim@sulaimanlaw.com
                                        fjara@sulaimanlaw.com
                                        *Attorneys for Plaintiff*